## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                Case No.  8:07-cv-11-T-30EAJ

**LINDA K. HEBERT,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon United States of America's Motion for Summary Judgment (Dkt. #13), and Defendant's Response In Opposition to United State of America's Motion for Summary Judgment (Dkt. #14).  The Court, having considered the motion, response, exhibits, arguments, memoranda, pleadings, and being otherwise advised in the premises, finds that Plaintiff's motion should be granted.

### Background.

On August 5, 1995, Defendant, Linda K. Hebert ("Defendant"), executed a Loan Consolidation Application and Promissory Note (the "Note") in the original principal amount of $26,814.67 from Barnett H.E.L.P ("Barnett").  The Note was guaranteed by United Student Aid Fund (the "Guarantor") and reinsured by the United States Department of Education (the "Department of Education").  Barnett demanded payment under the terms of the Note.  On August 22, 2002, Defendant defaulted on her obligations under the Note.  As

a result of Defendant's default, Barnett filed a claim with the Guarantor. The Guarantor paid a claim to Barnett in the amount of $39,311.16 (consisting of outstanding principal and interest due under the Note as of 8/22/02). The Guarantor attempted to collect the debt from Defendant, but was unable to collect any amounts due. On April 6, 2004, the Guarantor assigned its rights and title under the Note to the Department of Education. The Department of Education reimbursed the Guarantor in the amount of $39,311.16 under its reinsurance agreement. Since the assignment of the Note, the Department of Education has received zero payments. As of November 8, 2005, Defendant owes the Department of Education: principal in the amount of $39,311.16; accrued interest from 8/22/02 through 11/08/05 in the amount of $11,379.15; plus additional accrued interest from 8/22/02 through 10/5/07 in the amount of $6,730.32.

On January 3, 2007, the United States initiated this action to reduce Defendant's defaulted student loans to judgment (Dkt. #1). On March 13, 2007, Defendant filed a *pro se* Answer to Complaint (Dkt. #8). In the answer, Defendant does not dispute that she defaulted on her loan obligations; instead, Defendant requests this Court to discharge her student loan debt pursuant to Section 523(a)(8) of the Bankruptcy Code because repayment of her student loan obligations would impose an undue hardship. Defendant has not provided any information with regard to any past or present bankruptcy proceedings involving her or the debt at issue. Further, the United States has been unable to locate any record of Defendant

filing bankruptcy.[1]

## Summary Judgment Standard.

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). Where the non-moving party cannot present sufficient evidence to make out a triable issue of fact, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[1] Likewise, this Court preformed its own search on the PACER system of the U.S. Bankruptcy Court for the Middle District of Florida and was unable to find a bankruptcy case filed on behalf of "Linda K. Hebert" or "Linda K. Hebert-Ford".

**Analysis**.

Federal law provides that to discharge a debt, a debtor must list the debt within the bankruptcy petition and the creditor must be given notice of the bankruptcy. *See* 11 U.S.C. § 521(1). Moreover, when Congress enacted the Bankruptcy Reform Act of 1978, it restricted the dischargeability of student loans and educational debts which had previously been fully dischargeable. *See In re Rodriguez*, 319 B.R. 894, 896-97 (Bankr. M.D. Fla. 2005); *see also United States v. Peters*, 2007 WL 2774155, *5 (N.D. Fla. Sept. 23, 2007). Now, a student loan is normally not dischargeable in bankruptcy unless the repayment of the debt would impose an undue hardship on the debtor and the debtor's dependents. *See* 11 U.S.C. § 523(8). Therefore, the only exception in bankruptcy that will allow a debtor to discharge a student loan debt is by showing that excepting such debt from discharge would impose an undue hardship on the debtor. *See In re Cox*, 338 F.3d 1238, 1242 (11th Cir. 2003).

Defendant has not argued that this particular student loan debt has ever been before a U.S. bankruptcy court, or that she has filed a bankruptcy petition or an adversary proceeding seeking to discharge her student loan debt pursuant to 11 U.S.C. § 523(8) based on such undue hardship exception. Accordingly, since the student loan debt at issue has not been listed or identified within a bankruptcy proceeding, such debt has not been discharged. If Defendant seeks to discharge her obligations under the Note, then Defendant should seek relief through bankruptcy proceedings. Other than making an undue hardship argument under 11 U.S.C. § 523(8) within an adversary proceeding before a U.S. bankruptcy court, this

Court is unaware of any other common law or non-bankruptcy statutory law that provides a defense, exclusion, or exception that would relieve Defendant from liability under the Note. For these reasons, the Court finds that Plaintiff's motion for summary judgment should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. The United States of America's Motion for Summary Judgment (Dkt. #13) is **GRANTED**.

2. The clerk is directed to enter **JUDGMENT** in favor of Plaintiff, United States of America, in the total amount of **$57,420.63** (consisting of principal in the amount of $39,311.16, accrued interest from 8/22/02 through 11/08/05 in the amount of $11,379.15, plus additional accrued interest from 8/22/02 through 10/5/07 in the amount of $6,730.32) and against Defendant, Linda K. Hebert a/k/a Linda Hebert-Ford.

3. The clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-11.msj 13.wpd